IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAVERDURE & ASSOCIATES | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-883 |
| | § | |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

Defendant, Depositors Insurance Company ("Depositors"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the Texas state court action captioned *Laverdure & Associates v. Depositors Insurance Company*; Cause No. 199-04640-2016, in the 199th Judicial District of Collin County, Texas.

## I.
## INTRODUCTION

1. This first-party insurance lawsuit arises out of a claim under a Depositors policy for benefits relating to alleged weather damage to Plaintiff's business premises. Plaintiff reported hail damage to the property; Depositors investigated the loss, identified covered damage, and issued payments for the actual cash value (less deductible) of the damage found.

2. Plaintiff retained counsel, who on July 25, 2016, sent separate letters providing notice of representation and making a settlement demand of $244,978.00, alleging $234,978.00 in actual damages and $10,000 in attorneys' fees.

3. Plaintiff initiated this lawsuit on October 19, 2016, and Depositors appeared and answered in state court on November 11, 2016.[1]

4. Plaintiff and Depositors are wholly diverse and the amount in controversy plainly

---

[1] *See* Exhibit A, Plaintiff's Original Petition with citation, and Exhibit B, Depositors' Original Answer.

exceeds the federal jurisdictional minimum; accordingly, Allied hereby removes the matter to this Court.

## II.
## ARGUMENT AND AUTHORITIES

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

6.     Plaintiff's state court pleading alleges that Plaintiff is an individual residing in Collin County, Texas.[2]

7.     Plaintiff's pleading is incorrect when it states that Plaintiff is an individual.  The named insured on the applicable policy is La Verdure & Associates, P.C., indicating that Plaintiff is a Professional Corporation.[3]   Information publicly available from the Texas Secretary of State's office confirms that Plaintiff is a P.C.,[4] and this Court may take judicial notice of this fact.  Whatever Plaintiff's nature, the jurisdictional analysis is the same; Plaintiff pleads that Plaintiff is a citizen of Texas, and Plaintiff is in fact a citizen of Texas for the purpose of diversity analysis.

8.     Depositors is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors is a citizen of the State of Iowa for purposes of diversity analysis.

---

[2]     *See* Exhibit A, Plaintiff's Original Petition with citation, at ¶ 2 of the pleading.  The caption of the Petition does not identify Plaintiff's business form.

[3]     *See* Exhibit C, Common Declarations of Plaintiff's insurance policy.

[4]     *See* Exhibit D, information obtained from the Texas Secretary of State's on-line presence.

9. Because Plaintiff is a citizen of Texas and Depositors is a citizen of Iowa, complete diversity exists with respect to the parties to this case.

**B. Amount in Controversy**

10. Plaintiff affirmatively pleads an entitlement to monetary relief in excess of the federal jurisdictional minimum. Specifically, Plaintiff states that Plaintiff is entitled to relief in the range of $200,000 to $1,000,000.[5]

11. In addition, Plaintiff's demand letter alleges $234,978.00 in "actual damages," plus an additional $10,000 in attorneys' fees.[6] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]

12. Depositors expressly denies that Plaintiff is entitled to any of the damages sought by the petition or the demand letter. However, both of these statements made either by or on behalf of Plaintiff establish that the amount in controversy requirement for federal diversity jurisdiction is satisfied.

## III.
## CONCLUSION AND PRAYER

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[5] Exhibit A, Plaintiff's Original Petition with citation, at ¶ 78 of the pleading, in which Plaintiff makes an election from among the pre-chosen damages ranges set forth in Rule 47 of the Texas Rules of Civil Procedure. In addition, at ¶ 1 of the Petition, Plaintiff states that Plaintiff seeks monetary relief of more than $100,000.

[6] Exhibit E, Demand Letter, at p. 5.

[7] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

14.     Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process, pleadings, and orders served upon Depositors in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

15.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Depositors will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 199th Judicial District Court of Collin County, Texas.

16.     Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Depositors of Plaintiff's Original Petition and less than one year after the commencement of this action.

17.     In accordance with the local rules of this Court, Depositors will file with this Notice of Removal a list of all parties in the case, a civil cover sheet, a list of counsel, a list of parties requesting a jury trial, and the name and address of the court from which this matter is removed.  A complete copy of the state court file has been requested and will be provided to this Court immediately upon receipt.  A statement conforming with Rule 7.1 of the Federal Rules of Civil Procedure is also being filed contemporaneously with this Notice.

WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

*Signature on following page.*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert R. Russell
Texas Bar No. 24056246
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 17th day of November, 2016 to:

James M. McClenny                                    *7196 9008 9111 1861 6772*
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
james@mma-pllc.com
zach@mma-pllc.com
derek@mma-pllc.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp