# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LA VERDURE & ASSOCIATES | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00883 |
| | § | Judge Mazzant |
| DEPOSITORS INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings (Dkt. #23). After reviewing the motion and the responses, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

This litigation arises out of an insurance claim for damage to Plaintiff La Verdure & Associates' property ("the Property") from wind and hail in May 2016. Plaintiff reported the claim to Defendant Depositors Insurance Company on April 4, 2016. Defendant acknowledged the claim on the same day. Six days later, on April 10, 2016, Defendant sent the adjuster assigned to the claim, Matthew Berg ("Berg"), to inspect the Property. Berg inspected the Property and determined that the replacement cost value ("RCV") was $6,931.74. Berg then deducted a depreciation amount of $595.39 and the $1,000.00 deductible, to arrive at a net claim of $5,336.35. Almost a month later, on May 2, 2016, Defendant followed up with Plaintiff and, at that time, Plaintiff informed Defendant that it had not received its settlement check or settlement packet. Defendant indicated it would reissue the payment, estimate, and letter.

Plaintiff complained that this estimate did not include the cost to replace the air conditioner condenser coil. Defendant hired an independent HVAC Consultant to evaluate Plaintiff's air

conditioner unit.[1]  On June 2, 2016, Defendant adjusted the estimate to include the air conditioner condenser coil.  This brought the total RCV of damage to $12,802.55, less depreciation in the amount of $1,013.12, the $1,000.00 deducible, and the prior payment, which resulted in a second payment of $4,857.79.  The total payment on the claim was over $10,000.

Subsequently, Plaintiff retained its own professional estimate writer to evaluate the claim.  After investigating the Property, Plaintiff's professional estimate writer assessed the RCV of the damage to the Property to be $78,325.93, as opposed to the Defendant's adjusted RCV of the Property, which was $12,802.55.  Plaintiff sent the estimate to Defendant on August 2, 2016, and Defendant responded with a letter, which stated in part: "utilizing a licensed engineer to conduct an inspection of the property location would be reasonably necessary to aide in resolving any disagreements; therefore, we intend to retain the services of an engineering firm and request that you permit a licensed engineer from that frim to inspect the property."  (Dkt. #23, Exhibit C-7).  Plaintiff and Defendant did not have any further communication before Plaintiff filed suit.

Plaintiff filed suit on October 9, 2016, claiming breach of contract, breach of the common law duty of good faith and fair dealing, and multiple violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code (Dkt. #17).  On April 25, 2017, Defendant filed the pending Motion for Partial Summary Judgment and Partial Judgment on the Pleadings (Dkt. #23).  On May 9, 2017, Plaintiff filed its response (Dkt. #25).  On May 16, 2017, Defendant filed a Reply in Support of Motion for Summary Judgment (Dkt. #26).  On May 23, 2017, Plaintiff filed a Sur-Reply to Defendant's Motion for Summary Judgment (Dkt #28).

---

[1]The parties disagree as to when Depositors hired the independent HVAC consultant.

**LEGAL STANDARD**

*Motion for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not the delay trial—a party may move for judgment on the pleadings." "A motion brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry* v. *Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

*Summary Judgment*

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The

Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant challenges several of Plaintiff's causes of action on the grounds that they are not sufficiently pleaded and/or they fail as a matter of law. Accordingly, Defendant filed a motion for judgment on the pleadings and motion for summary judgment as to a selection of Plaintiff's claims.

### A. Common Law Bad Faith, Texas Insurance Code §§ 541.060(a)(2)(A) and (a)(7)

Plaintiff asserted a cause of action for breach of the common law duty of good faith and fair dealing (Dkt. #17 at ¶¶ 42–44). Plaintiff also maintained that Defendant violated Texas Insurance Code Sections 541.060(a)(2)(A) and (a)(7) (Dkt. #17 at ¶¶ 34, 39).

Texas law imposes on an insurer "a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.,* 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 340 (Tex. 1995)). If an insurer knew or should have known that it was reasonably clear that a claim was covered, it will be liable if it denies that claim. *Id.* Failure to reasonably investigate a claim can also constitute a breach of the duty of good faith and fair dealing. *Id.* Whether "a reasonable insurer under similar circumstances would have delayed or denied payment of the claim" is determined by an objective standard. *Id.* Additionally, Texas Insurance Code Section 541.060 makes it an unfair settlement practice for an insurer to fail to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear," and to refuse "to pay a claim without conducting a reasonable

5

investigation with respect to the claim[.]" TEX. INS. CODE ANN. §§ 541.060(a)(2)(A), (a)(7). Because the standards under Texas Insurance Code Sections 541.060(a)(2)(A) and (a)(7) and the common law claim for breach of the duty of good faith and fair dealing are similar, they are often examined together. *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 830 n.13 (S.D. Tex. 2011) (citing *Tex. Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651, 661 n.18 (Tex. App.—Houston [1st Dist.] 2008), *rev'd on other grounds*, 381 S.W.3d 430 (Tex. 2012)).

Defendant moves for judgment on the pleading on these claims. Defendant argues that the allegations contained in Plaintiff's Second Amended Complaint regarding the duty of good faith and fair dealing are threadbare and misstate Texas legal standards. As to Plaintiff's statutory claims, Defendant asserts that the Second Amended Complaint does no more than list out the provisions of the Texas Insurance Code. After reviewing Plaintiff's Second Amended Complaint, the motion for judgment on the pleadings, the response, the reply, and the sur-reply, the Court finds that Plaintiff stated plausible claims for a breach of the duty good faith and fair dealing and violations of Texas Insurance Code Sections 541.060(a)(2)(A) and (a)(7).

Defendant also moves for summary judgment on these claims. Defendant argues that Plaintiff's reasonable investigation claims fail as a matter of law because Plaintiff did not designate an expert to demonstrate whether the insurer performed a reasonable investigation. Defendant also contends there is a bona fide dispute and thus did not act in bad faith. After reviewing Defendant's motion for partial summary judgment, the response, the reply, the sur-reply, and all the summary judgment evidence, the Court finds that Plaintiff presented a genuine issue of material fact regarding its claim for breach of common law good faith and fair dealing and its claims for violations of Texas Insurance Code Sections 541.060(a)(2)(A) and (a)(7).

**B. DTPA Claims**

Plaintiff alleges Defendant violated the DTPA in four different ways: (1) "[u]sing or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE [ANN.] § 17.50(a)(4))"; (2) "[u]nreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE [ANN.] § 521.060(a)(2)–(5))"; (3) "[f]ailure to properly investigate Plaintiff's claim ([TEX. INS. CODE ANN.] § 541.060(7))"; and/or (4) "[h]iring and relying upon a biased adjuster . . . to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE [ANN.] § 17.46(31))" (Dkt. #17 at ¶34). Defendant moves for judgment on the pleadings as to Plaintiff's DTPA allegations because it argues that section of the Second Amended Complaint merely recites, and incorrectly so, the language of the statutes. Defendant additionally contends that a heightened pleading standard is required for Plaintiff's claims that are based on alleged misrepresentations, and Plaintiff failed to meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b).

**1. Violations of the Texas Insurance Code**

Section 17.50(a)(4) of the Texas Business and Commerce Code identifies a cause of action for a consumer for an act or practice in violation of Chapter 541 of the Insurance Code. TEX. BUS. & COM. CODE ANN. § 17.50(a)(4). Plaintiff asserts several violations under Texas Insurance Code Chapter 541. The Court will address each allegation.

**a. Texas Insurance Code § 541.060(a)(1)**

Plaintiff alleges Defendant's conduct was a violation of Texas Insurance Code Section 541.060(a)(1) by "misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue." (Dkt. #17 at ¶ 39). Defendant argues that Plaintiff has not identified the

7

substance of alleged misrepresentations, who made them, when they were made, or how they were made in compliance with Federal Rule of Civil Procedure 9(b). Further, Defendant maintains that Plaintiff did not plead reliance on the alleged misrepresentations. Plaintiff responds that the Second Amended Complaint demonstrates that Berg, on behalf of Defendant, misrepresented to Plaintiff the amount of damage to the Property. Additionally, Plaintiff asserts that it adequately pleaded reliance because Plaintiff was unable to make prompt payments to make necessary repairs and also incurred litigation costs because of Berg's representations.

Section 541.060(a)(1) provides a cause of action for "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." TEX. INS. CODE ANN. § 541.060(a)(1). Under Texas law, an affirmative misrepresentation about specific aspects of a policy are actionable pursuant to this section. *Myers v. Allstate Tex. Lloyd's*, No. 1:10-cv-172, 2011 WL 846083, at *13 (E.D. Tex. Mar. 8, 2011) (citing *Brankin v. Time Ins. Co.*, No. 4:08-cv-666-Y, 2009 WL 614818, at *2 (N.D. Tex. Mar. 10, 2009); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.)). Plaintiff did not allege an affirmative misrepresentation about a specific aspect of the policy, rather contends that Berg's representation of the estimate is actionable under this section. It is not. Plaintiff did not plausibly plead an unlawful misrepresentation under this section.

### b. Texas Insurance Code § 541.060(a)(2)(A) and (a)(7)

Plaintiff alleges Defendant violated Texas Insurance Code Section 541.060(a)(2)(A) by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." (Dkt. #17 at ¶ 39; *accord* Dkt #17 at ¶ 34). Plaintiff also claimed a violation of Texas Insurance Code Section 541.060(7), which is actionable when an insurer fails to conduct a reasonable investigation and refuses to pay

the claim (Dkt. #17 at ¶ 34, 39). The Court already addressed these sections and found that Plaintiff stated a plausible claim under these sections.

### c. Texas Insurance Code § 541.060(a)(3)

Plaintiff alleges Defendant violated Texas Insurance Code Section 541.060(a)(3) by "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." (Dkt. #17 at ¶ 39; *accord* Dkt #17 at ¶ 34). Plaintiff's theory for liability under this section of the Texas Insurance Code is that Defendant failed to provide a reasonable explanation for the alleged underpayment that occurred on April 10, 2016 and June 2, 2016. After reviewing Plaintiff's Second Amended Complaint, the motion for judgment on the pleadings, the response, the reply, and the sur-reply, the Court finds that Defendant pleaded a plausible claim for violation of Texas Insurance Code Section 541.060(a)(3).

### d. Texas Insurance Code § 541.060(a)(4)

Plaintiff asserts a violation of the Texas Insurance Code Section 541.060(a)(4), which requires "failing within a reasonable time to (a) affirm or deny coverage of a claim to a policyholder or (b) submit a reservation of rights to a policyholder." Plaintiff alleged Defendant violated this section under both prongs. (Dkt. #17 at ¶ 34, 39). Nothing in Plaintiff's Second Amended Complaint suggests that Defendant denied coverage or submitted a reservation of rights, but suggests that Defendant affirmed coverage under the policy for over $10,000. Therefore, the Court proceeds under the analysis of whether Defendant affirmed coverage in a reasonable time.

According to the Complaint, the Property suffered damage due to hail and wind on March 23, 2016 (Dkt. #17 at ¶ 9). Plaintiff reported the claim and Defendant acknowledged the claim on April 4, 2016 (Dkt. #17 at ¶ 9). Six days later, on April 10, 2016, Defendant sent Berg to the

9

Property to investigate and develop an estimate (Dkt. #17 at ¶ 10). From the date the Property sustained hail damage to when Defendant provided an estimate, only eighteen days passed. Plaintiff did not provide any case law, and the Court has found none, to suggest that six days after receiving the claim, or eighteen days after the damage occurs, to give an estimate is an unreasonable amount of time. Plaintiff did not plausibly plead a violation of Texas Insurance Code Section 541.060(a)(4).

### e. Texas Insurance Code § 541.060(a)(5)

Plaintiff claims a violation of the Texas Insurance Code Section 541.060(a)(5), which makes it an unfair method of competition or an unfair or deceptive act for an insurer to "refus[e], fail[], or unreasonably delay[] a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy." Taking all the facts in Plaintiff's Second Amended Complaint as true, no facts suggest that Plaintiff had any other coverage or a third party was responsible for the damage suffered. Further, nothing in the Complaint suggests that Defendant's offer was reduced or lowered because Defendant thought a third party would cover partial payment or that Plaintiff had any additional insurance. Thus, Plaintiff did not plausibly plead a violation of Texas Insurance Code Section 541.060(a)(5).

### f. Texas Insurance Code § 541.061(5)

Texas Insurance Code Section 541.061(5) states that it "is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by . . . failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code."

In the Second Amended Complaint, Plaintiff alleges that Defendant violated this section simply by restating the words of the statute. Plaintiff did not identify what disclosure was required by law or another provision of the code. The Court already addressed Plaintiff's claim of alleged misrepresentation under Section 541.060(a)(1) that Defendant misrepresented material facts about the policy. Plaintiff did not plausibly plead a violation of this section. Plaintiff does not provide any other explanation for what Defendant failed to disclose. Therefore, Plaintiff did not plausibly plead a violation under this section.

### g. Texas Insurance Code § 541.151(2)

Plaintiff claims a violation of Texas Insurance Code Section 541.151(2) stating that Defendant engaged "in false, misleading, and deceptive acts or practices under the DTPA" (Dkt. #17 at ¶ 39). Defendant contends that Plaintiff inadequately pleaded this violation.

Texas Insurance Code Section 541.151(2) states that Plaintiff can bring an action against Defendant if it engaged in an act or practice "[s]pecifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice." In its Complaint, Plaintiff only alleges a violation of one subsection of Section 17.46(b): Section 17.46(b)(31). Texas Business and Commerce Code Section 17.46(b)(32)[2] makes it a "false, misleading, or deceptive act[] or practice" for:

> a licensed public insurance adjuster directly or indirectly soliciting employment for an attorney, or a licensed public insurance adjuster entering into a contract with an insured for the primary purpose of referring the insured to an attorney without the intent to actually perform the services customarily provided by a licensed public insurance adjuster, provided that this subdivision may not be construed to prohibit a licensed public insurance adjuster from recommending a particular attorney to an insured.

---

[2] The Texas Business and Commerce Code was updated on September 1, 2017. At the time Plaintiff filed its Second Amended Complaint, 17.46(b)(32) was enumerated as Section 17.46(b)(31).

After a review of the Second Amended Complaint, Plaintiff does not allege any facts that would put this statute in issue. Plaintiff is not suing an insurance adjuster. Additionally, Plaintiff did not allege facts suggesting that the insurance adjuster or insurance company solicited employment for an attorney. The facts in the Complaint demonstrate that this is not a plausible theory of liability.

### 2. Unreasonably Delaying the Investigation, Adjustment, Settlement Offer, and Prompt Resolution of Plaintiff's Claim

Plaintiff alleges that Defendant violated the DTPA by "unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim" in violation of Texas Insurance Code Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(5) (Dkt. #17 at ¶ 34). The Court already addressed these sections and found that Plaintiff plausibly pleaded a violation of Section 541.060(a)(2) and (a)(3) but did not plausibly plead a violation of Sections 541.060(a)(4) and (a)(5).

### 3. Failure to Properly Investigate Plaintiff's Claims

Plaintiff pleads Defendant also violated the DTPA by its "[f]ailure to properly investigate Plaintiff'[s] claim" in violation of Texas Insurance Code Section 541.060(a)(7) (Dkt. #17 at ¶ 39). The Court addressed this section above and determined Plaintiff plausibly pleaded a violation of Section 541.060(a)(7).

### 4. Hiring and Relying on Bias Adjustor

Finally, Plaintiff contends that Defendant violated the DTPA by "[h]iring and relying upon a biased adjustor, in this case Defendant's third-party adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim" in violation of Texas Business and Commerce Code Section 17.46(b)(31) (Dkt. #17 at ¶ 39). The Court previously addressed this theory of liability and found that it is not a plausible theory.

### C. Insurance Code Allegations

Plaintiff argues that Defendant violated various sections of Chapters 541 and 542 of the Texas Insurance Code. Defendant moves for judgment on the pleadings as to the claims because it contends that Plaintiff failed to adequately plead violations of the Texas Insurance Code. The Court will address each section contained in Plaintiff's Second Amended Complaint.

#### a. Texas Insurance Code Section 541

The Court previously analyzed Plaintiff's allegations of Chapter 541 violations of the Texas Insurance Code under its analysis on the DTPA claims. Plaintiff plausibly pleaded a violation of Sections 541.060(a)(2), (a)(3), and (a)(7); however it did not plausibly plead violations of the remaining Chapter 541 claims.

#### b. Texas Insurance Code Section 542.003(b)(5)

Plaintiff asserts that Defendant violated Texas Insurance Code Section 542.003(b)(5), which states that it is an unfair claim settlement practice for an insurer to compel "a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit by the policyholder." This claim fails as a matter of law because Section 542.003 does not provide an insured a private cause of action. *AIF Specialty Ins. Co. v. Stoller Enters., Inc.*, No. 4:16-cv-26, 2017 WL 541533, at *22 (S.D. Tex. Feb. 7, 2017) (citing *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013); *First Am. Title Ins. Co. v. Patriot Bank*, No. 01-14-170-CV, 2015 WL 2228549, at *7 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.)).

#### c. Texas Insurance Code § 542.055

Plaintiff includes Texas Insurance Code Section 542.055 in its list of violations of the Texas Insurance Code (Dkt. #17 at ¶ 39). Section 542.055 states that an insurer shall "(1)

acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from claimant all items, statements, and forms that the insurer reasonably believes, at the time, will be required from the claimant" within fifteen days of receiving notice of the claim. TEX. INS. CODE ANN. § 542.055(a). Taking the facts in the Second Amended Complaint as true, Defendant acknowledged receipt of the claim on April 4, 2016, the day Plaintiff reported it. Then, Defendant commenced its investigation six days later on April 10, 2016. This fits squarely within the timeline provided for by statute. The Complaint is silent as to Defendant's request of items necessary for the claim. Plaintiff has not plausibly asserted a claim under this section.

### d. Texas Insurance Code § 542.056

Plaintiff lists Texas Insurance Code Sections 542.056(a), (c), and (d) as another basis for Defendant's alleged violations (Dkt. #17 at ¶ 39). Section 542.056(a) states that "an insurer shall notify a claimant *in writing* of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." TEX. INS. CODE ANN. § 542.056(a) (emphasis added). Here, Plaintiff notified Defendant of the claim on April 4, 2016, and Defendant acknowledged receipt of the claim on the same day. Defendant sent Berg to investigate the property on April 10, 2016, six days or four business days later. However, according to the Second Amended Complaint, by May 6, 2016, Plaintiff had not received its settlement packet, or Defendant's notice in writing.[3] As such, Plaintiff plausibly pleaded a cause of action under subsection (a).

Texas Insurance Code Section 542.056(c) states that if the claim is rejected, the notice required by subsection (a) "must state the reasons for the rejection." If Plaintiff's claim that the alleged underpayment is considered a rejection of coverage, Defendant stated the reasons for the

---

[3] In its response to the motion, Plaintiff did claim that there was an April 10, 2016 underpayment. This statement does not change the plausible claim that is alleged in the Second Amended Complaint.

rejection. Specifically, in relation to the April 10, 2016 RCV, Berg admitted that he "observed hail damage to the elastomeric coating on the parapet of the east and north sides of the building[,] . . . hail damage occurred to the air conditioning condenser fins[,] . . . a stain on the slate tiles of a large, ornate front entry door and trim due to hail damage[, and] . . . two aluminum thermal windows that had cracked due to hail impact" (Dkt. #17 at ¶¶ 11–13). However, Berg did not observe "hail damage to the 3-ply built up roof." (Dkt. #17 at ¶ 11). Berg estimated an amount due "for laborers to sweep the gravel ballast away from the parapet wall and sweep the gravel ballast back into place[,] . . . for the removal and replacement of approximately 90 linear feet of parapet wall[,] . . . for the replacement of approximately 72 linear feet of elastomeric roof coating[,] . . . for the replacement of apron flashing[,] . . . for combing and straightening the [air conditioning condenser] fins[, and] . . . for staining and finishing the door slab and replacing two high grade slate tiles." (Dkt. #17 at ¶¶ 11–13). After all this, Berg "estimated that the [RCV] of damage to the [P]roperty was in the amount of $6,931.74, less depreciation in the amount of $595.39 and the $1,000.00 deductible, resulting in a net claim of $5,336.35." (Dkt. #17 at ¶ 10). Further, on June 2, 2016, Berg adjusted his first RCV to include a "replacement of the air conditioner condenser coil, bringing the RCV of damage to $12,802.55, less depreciation in the amount of $1,013.02, less the $1,000 deductible and prior payment of $5,931.74, for a resulting net claim of $4,857.79." (Dkt. #17 at ¶ 18). Plaintiff did not plausibly plead that Defendant failed to provide the reasons for any alleged rejection.

Finally, Texas Insurance Code Section 542.056(d) requires an insurer to explain the reasons that it needs additional time if it is not able to accept or reject a claim within fifteen business days. Here, Defendant did not explain why Plaintiff did not receive in writing its

15

settlement packet, or why it needed more time. Accordingly, Plaintiff plausibly pleaded a claim under Texas Insurance Code Section 542.056(d).

### e. Texas Insurance Code § 542.057

Plaintiff contends that Defendant violated Texas Insurance Code Section 542.057 by "[f]ailing to pay a claim not later than the 5th business day after the date of notice of acceptance was made." (Dkt. #17 at ¶ 39). From this language, it appears that Plaintiff claims Defendant violated subsection (a) of Section 542.057. Subsection (a) requires an insurer to pay a claim no later than the fifth business day after the insurer notifies a claimant that the insurer will pay a claim. In its Second Amended Complaint, Plaintiff alleges that Defendant acknowledged the claim on April 4, 2017 and Berg inspected and developed an estimate for the Property on April 10, 2016. However, Plaintiff still had not received payment by May 6, 2016. Taking the facts alleged in Plaintiff's Second Amended Complaint as true, Defendant did not issue payment within five business days of its notice to Plaintiff that it would cover the claim for $5,336.35. Therefore, Plaintiff plausibly pleaded a violation of Section 542.057.

### f. Texas Insurance Code § 542.058(a)

Plaintiff alleged that Defendant violated Texas Insurance Code Section 542.058(a) by "[f]ailing to pay a valid claim after receiving all reasonably requested and required items from the insured." (Dkt. #17 at ¶ 39). However, Section 542.058(a) states "if an insurer . . . delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE ANN. 542.058(a). As previously discussed, Plaintiff plausibly pleaded that Defendant did not comply with the deadline for prompt payment. Therefore, Plaintiff plausibly pleaded a violation under Section 542.058(a).

16

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings (Dkt. #25) is hereby **GRANTED IN PART AND DENIED IN PART**. The Court denies the motion as to Plaintiff's claims for breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code Sections 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 542.056(a), 542.056(d), 542.057, and 542.058(a), and violations of the Texas Deceptive Trade Practices Act based on violations the Texas Insurance Code Sections 541.060(a)(2)(A),(a)(3), and (a)(7). The motion is granted as to all other claims, and such claims are hereby **DISMISSED WITH PREJUDICE**.

**SIGNED this 19th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE