# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LA VERDURE & ASSOCIATES | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00883 |
| | § | Judge Mazzant |
| DEPOSITORS INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Strike or Limit Expert Testimony (Dkt. #27) ("Motion to Strike") and Plaintiff's Opposed Motion for Leave to Amend Designation of Expert Witnesses (Dkt. #30) ("Motion for Leave"). After reviewing the motion and the responses, the Court finds Defendant's Motion to Strike should be granted in part and denied in part and Plaintiff's Motion for Leave should be granted.

## BACKGROUND

Plaintiff La Verdure & Associates filed suit against Defendant Depositors Insurance Company for alleged violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, breach of contract, and breach of the duty of good faith and fair dealing (Dkt. #1). In the Court's Scheduling Order (Dkt. #11), the Court set March 24, 2017 as the deadline for Plaintiff's disclosure of expert testimony.

On April 7, 2017, Plaintiff filed its Expert Witness List, designating Shann C. Bell ("Bell") and Gregory Becker ("Becker") as expert witnesses (Dkt. #18).[1] On May 19, 2017, Defendant filed its Motion to Strike or Limit Expert Testimony (Dkt. #27). Plaintiff filed a response (Dkt. #29) and Defendant filed a reply (Dkt. #32). On June 5, 2017, Plaintiff filed its Motion for Leave

---

[1] Although this is after the deadline in the scheduling order, Defendant does not object to the designation as being late.

to Amend Designation of Expert Witnesses (Dkt. #30). Defendant filed a response (Dkt. #33) and Plaintiff filed a reply (Dkt. #34).

## LEGAL STANDARD

A party offering an expert witness must disclose the witness as an expert and must comply with the Federal Rules of Civil Procedure regarding such disclosure. Federal Rule of Civil Procedure 26(a)(2)(B) requires that "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony," then the disclosure must be accompanied by a written report that is written and prepared by the witness. FED. R. CIV. P. 26(a)(2)(B). An expert report must be "detailed and complete . . . to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). This report must include: (1) a statement of all opinions the witness will express and the reasons for them; (2) the facts considered in forming the opinions; (3) exhibits that support them; (4) the witness's qualifications and list of publications the witness authored in the last ten years; (5) a list of all other cases in which the witness was an expert for the last four years; and (6) and a statement of compensation. *Id.*

If an expert is properly disclosed, the expert is admissible if it meets the standard set out in the Federal Rules of Evidence. Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon

professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.

## ANALYSIS

Defendant objects to Plaintiff's designation of Bell and Becker because Plaintiff failed to provide information and material required by Rule 26(a)(2)(B), Plaintiff improperly designated Bell and Becker with an unlimited scope, and because Bell and Becker fail on *Daubert* grounds.

### I.     Federal Rule of Civil Procedure 26(a)(2)(B) Requirements

Defendant contends that Federal Rule of Civil Procedure 26(a)(2)(B)(vi) requires a party to disclose "a statement of the compensation to be paid for the study and testimony in the case." Defendant argues that neither Becker nor Bell's report contains this statement of compensation. As to Bell, Defendant also asserts there is no indication, aside from assurance by counsel, that Bell actually prepared and signed the report in accordance with the rules. Additionally, Defendant maintains Plaintiff failed to present testimonial history for Bell as required by Federal Rule of Civil Procedure 26(a)(2)(B)(v).

In its response to the Motion to Strike, Plaintiff asserted that Bell is a non-retained expert. Therefore, Plaintiff argues it only needs to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C). As such, Plaintiff argues that Bell's disclosure meets the requirements for non-retained experts. However, three days later, Plaintiff also filed a Motion for Leave to Amend Designation of Expert Witnesses (Dkt. #30). In its Motion for Leave, Plaintiff admits that its disclosures for Bell and Becker were incomplete and seeks to fix the deficiencies for Bell and

3

Becker, both as retained experts. In light of these facts, the Court will proceed with the analysis as if both Bell and Becker are retained experts.

Because Plaintiff admits that the initial disclosures are insufficient, the Court must determine the appropriate remedy. In determining the remedy, courts must balance four factors: (1) the explanation for failure to properly identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Based on these four factors, the appropriate remedy, in this case, is to allow Plaintiff to amend its expert designations.

Under the first factor, the Court must consider Plaintiff's explanation for the failure to identify Bell and Becker properly. Plaintiff did not even attempt to explain why it initially filed an insufficient disclosure. Plaintiff merely stated that "Plaintiff is now aware that its Designation of Expert Witness was incomplete." (Dkt. #30 at p. 1). Considering Plaintiff has no significant justification for the insufficient disclosure, this factor favors exclusion of Bell and Becker's testimony.

Under the second factor, the Court must consider the importance of Bell and Becker's testimony. In its Motion for Leave, Plaintiff did not offer any explanation as to the importance of Becker or Bell. In response to the Motion to Strike and in its reply to the Motion for Leave, Plaintiff asserts the experts are essential[2] to its case-in-chief, and that it would not be able to prove the essential elements of its claims without the experts. (Dkt. #29 at p. 8; Dkt. #34 at p. 2). Further, Plaintiff claims that "[c]ourts should be especially wary if striking the expert will prevent a party from presenting his case altogether." (Dkt. #29 at p. 8; Dkt. #34 at p. 2) (citing *Villarreal v. City*

---

[2] In response to the Motion to Strike, Plaintiff claims that Bell will testify "as to the damage, both actual and consequential, building practices, code and ordinance, as well as all other areas of damage surrounding the subject loss that resulted from the storm of March 3, 2016," and Becker will testify as to causation (Dkt. #29 at p. 4).

4

*of Laredo*, 2008 WL 2770110, at *11 (S.D. Tex. July 11, 2008)). While Plaintiff should have raised this argument in its opening motion, the Court acknowledges that Bell and Becker are designated to testify about necessary elements to Plaintiff's claims. Accordingly, this factor weighs in favor of allowing Plaintiff to amend its disclosure rather than exclude the experts from trial.

Under the third factor, the Court analyzes any potential prejudice against Defendant for permitting the amendment of the disclosure. The parties are in agreement that there would be no prejudice to Defendant if the Court permitted Plaintiff to supplement its designations. (Dkt. #29 at p. 5) ("Defendants have not shown and cannot show that they will be prejudiced or unfairly surprised with regard to such testimony."); (Dkt. #32 at p. 2) ("Depositors has not been irreparably harmed by the late disclosure of material that were provided with Plaintiff's Motion for Leave."). As such, this factor weighs in favor of allowing Plaintiff to amend.[3]

Lastly, the Court considers whether a continuance cures any prejudice to Defendant. Since the parties agree that there is no prejudice, there is no need to cure prejudice. However, if there is any prejudice, it could be cured by granting a continuance of the discovery deadline. The Pretrial Conference is on December 15, 2017, with trial to occur between January 8, 2018, and February 2, 2018. This allows time for the parties to engage in additional discovery, if needed. Therefore, the fourth factor weighs against exclusion and in favor of allowing Plaintiff to amend its designations.[4]

---

[3] This factor distinguishes this case from *Avneri v. Hartford Fire Insurance Company*, 4:16-cv-917, Dkt #34 (E.D. Tex. Oct. 10, 2017). In *Avneri*, Becker was designated untimely. Additionally, the opposing party did not have an opportunity to designate rebuttal witnesses or an opportunity to challenge Becker because the deadline to challenge had expired. Here, Plaintiff designated Becker and Bell insufficiently, consequently, Defendant knew the contents and substance of the experts' reports. Therefore, Defendant had the ability to designate any rebuttal witness it found necessary.

[4] This factor also differentiates the present case from *Avneri*. A continuance in that case would disrupt the trial schedule and cause delays. In this case, a continuance would not cause any delay.

This case is similar to *Betzel v. State Farm Lloyds*, in which the Fifth Circuit held striking an expert in a similar set of circumstances was unwarranted. 480 F.3d 704, 708 (5th Cir. 2007). Defendant attempts to distinguish this case by claiming Defendant provided Plaintiff with repeated reminders that its designations were not in compliance with the Federal Rules of Civil Procedure. However, with the facts of this case,[5] this distinction does not provide a reason to depart from the Fifth Circuit's holding. Striking Plaintiff's experts all together is too harsh a remedy in this case. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016); *Betzel*, 480 F.3d at 708; *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). Therefore, Plaintiff's Motion for Leave should be granted.

However, as Defendant argues, granting Plaintiff's Motion for Leave does not cure all the deficiencies Defendant identified with Plaintiff's designations. Yet, the factors favor allowing Plaintiff's experts to testify at trial. Accordingly, the Court grants Plaintiff fourteen days to amend its expert designations.

**II. Scope**

Defendant argues that the scope of Bell and Becker's testimony is open-ended and creates a limitless scope for the experts. Defendant maintains that the Federal Rules require the party identifying an expert witness to provide "'a *complete* statement of *all opinions* the witness will express and the basis and the reasons for them.'" (Dkt. #27 at p. 5) (citing FED. R. CIV. P. 26(a)(2)(B)(i)). Plaintiff does not respond to Defendant's argument regarding the scope. As such,

---

[5] Defendant argues that it previously informed Plaintiff that its designations were not filed in compliance with the Federal Rules of Civil Procedure. It supports this argument with a letter dated April 4, 2017. This letter informed Plaintiff it had not formally designated its expert witnesses and agreed to allow a late designation, if it was filed by the end of the week, April 7, 2017. Plaintiff filed its designation on April 7, although it did so insufficiently. Subsequently, on May 8, 2017, Defendant informed Plaintiff that its formal designations were insufficient and asked if it would supplement. Defendant did not produce Plaintiff's response to this correspondence. Less than two weeks later, Defendant filed the present Motion to Strike claiming that while conferring with Plaintiff, Plaintiff stated it intended to supplement, but that Defendant was not certain that would happen prior to the deadline to file its Motion to Strike.

the Court limits the "testimony of Plaintiff's experts to those matters identified in the experts' current reports."[6] (Dkt. #27 at p. 5).

### III. *Daubert* Grounds

Defendant argues that Plaintiff's experts provided insufficient reports to be allowed to testify as to causation in this case. The Court will address the specific arguments as to each expert.

#### A. Bell

Defendant argues that Bell should not be allowed to testify as to causation. Plaintiff maintains that Bell "will not be used to establish causation." (Dkt. #29 at p. 4). Based on this representation, Bell will not be permitted to testify as to causation at trial.

#### B. Becker

Defendant contends that Becker's report is based on the assumption that hail damage was concealed by gravel ballast, but argues that Becker does not explain how gravel could conceal hail damage. Further, Defendant faults Becker for not even attempting to move the gravel to discover the damage beneath it. Defendant maintains that this conclusion was conclusory and should not be considered at trial. Finally, Defendant takes issue with the fact that Becker did not explain why the entire roof must be replaced in its entirety based on minimal hail damage. Upon reviewing Becker's report, the Court finds that Becker's interview with Maurice La Verdure, the owner of the building and his visit to the Property, coupled with his review of the applicable engineering guidelines and industry standards provides a sufficiently reliable basis to admit Becker's testimony as to causation pursuant to Federal Rule of Evidence 702.

Defendant also asserts that because Becker did not rule out alternative causes, his report is deficient. Defendant's argument is similar to that found in *Chisesi Brothers Meat Packing*

---

[6] The Court granted Plaintiff fourteen days to amend its expert designations to fix the Rule 26 deficiencies, not to change the content or scope of what is in the expert's report.

*Company, Incorporated v. Westchester Surplus Lines Insurance Company*, Civil Action No. 09–6523, 2010 WL 3720465, at \*4 (E.D. La. Sept. 9, 2010). In *Chiesi Brothers*, the district court found that an expert's opinion that a hurricane was the cause of damage done to a roof was admissible, even though the expert assumed the hurricane was the cause of the damage. *Chiesi Brothers*, 2010 WL 3720465, at \*4. The district court reasoned that, "[e]limination of alternative possibilities is one method of arriving at a result reliably, but it is not the only method." *Id.* at \*4.

Becker's failure to rule out alternative causes does not render his opinion as to causation inadmissible under the circumstances. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). Defendant's argument goes to the weight to be given Becker's testimony, which should be left to the trier of fact. Therefore, the Court finds that Becker's testimony should not be stricken.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Strike or Limit Expert Testimony (Dkt. #27) is hereby **GRANTED IN PART AND DENIED IN PART**. Defendant's motion is granted as to Bell's testimony regarding causation and to the scope limitation of the Plaintiff's expert witnesses. Plaintiff's Opposed Motion for Leave to Amend Designation of Expert Witnesses is hereby **GRANTED** (Dkt. #30). Plaintiff is also given fourteen days from the date of this order to supplement its disclosures to remedy the deficiencies noted above.

**SIGNED this 19th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE